IN RE FRANCISCO CERDEIRA ET AL., Respondents and Appellants.

No. 3973. Argued January 14, 1930.—Decided December 10, 1930.

*José Iglesias la Cruz* for respondents. *F. Soto Gras* and *R. Díaz Collazo* for petitioner. *R. A. Gómez* for The People.

MR. JUSTICE ALDREY delivered the opinion of the Court.

After the trial of an action held in the District Court of San Juan and before judgment was rendered therein, Francisco Cerdeira published in "La Correspondencia de Puerto Rico," a newspaper with circulation in this city, an article referring to the evidence introduced in the said action Pedro F. Gotay also published at that time another article in the newspaper "J'Accuse," on the same matter. The plaintiff in the action presented accusations of contempt agains both of them to the court, and the latter ordered Cerdeira and Gotay to appear before it to show cause why they should not be punished for contempt. In compliance with the said order both appeared before the court which, after a hearing, convicted them of contempt. Both contemners appealed from the respective judgments and their appeals have been jointly prosecuted.

The briefs of the appellants are identical and assign as a first ground of appeal that the court committed manifest error in failing to vacate its order requiring them to appear and show cause why they should not be punished for contempt, because the facts alleged in the accusation filed against them do not constitute a contempt of court, as the articles on which they had been accused referred to the evidence and not to the proceedings at the trial.

The Act approved March 1, 1902, defining the offense of contempt, as amended in 1906 (section 5560 of the Compiled Statutes, 1911), insofar as now pertinent, provides:

"The Supreme Court, the district courts, and any court of record

duly established in Puerto Rico, shall have the power to punish for criminal contempt, any person or persons guilty of any of the following acts:

" *      *      *      *      *      *      *

"5. The wilful publication of any false or grossly inaccurate report of judicial proceedings:

"*Provided,* however, that the publication of any true and fair report of any judicial proceeding shall not be punishable as a contempt."

The trial of a civil action, or of a criminal cause, is clearly a judicial proceeding; and as in the course thereof there is introduced the evidence which the parties use to prove their respective allegations and which must be considered by the court in reaching its decision, we have no doubt that such evidence is a part of the judicial proceedings before the court in any suit or cause. Therefore, the publication of any false or grossly inaccurate report relating to the said evidence constitutes the contempt defined by subdivision 5 above transcribed, even though such report may not contain any offensive words to the court.

. The second and last ground urged by the appellants is that the accusations filed against them are insufficient in that it is stated therein under oath, on information and belief, that the appellants are the authors of the articles in question.

This contention is without merit. In *Del Toro* v. *The Municipal Court,* 16 P.R.R. 89, in which an accusation of contempt was attacked because the same had not been verified by any person whatever, this court held that such verification was not necessary in cases of contempt. Hence, much less can any valid objection be made on the ground that any fact is stated under oath, upon information and belief.

The two judgments appealed from must be affirmed.